1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 JACOB KAPLAN, individually and on
    behalf of all others similarly situated,

12            Plaintiff,

13        v.

14 MY CREDIT CARE, INC.,

15            Defendant.

16

Case No. 8:23-cv-01140-JWH-DFM

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF No. 21]**

17
18
19
20
21
22
23
24
25
26
27
28

Before the Court is the unopposed motion of Plaintiff Jacob Kaplan for the entry of default judgment against Defendant My Credit Care, Inc.[1]  The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support of the Motion,[2] in the absence of any opposition, the Court **GRANTS** the Motion.

## I.  BACKGROUND

Kaplan filed this action in June 2023.[3]  In his Complaint, Kaplan asserts claims against My Credit Care for violations of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. §§ 227, *et seq.*[4]

Specifically, Kaplan alleges that in December 2018, Kaplan's cellular telephone number was added to the National Do Not Call Registry.[5] Nevertheless, on March 30, 2023, My Credit Care made "several telemarketing calls" to Kaplan's cellular telephone.[6]  When Kaplan answered, My Credit Care's representative indicated that the company was calling to help him with his credit score and that My Credit Care is located in Orange, California.[7] Kaplan did not provide My Credit Care with his cellular telephone number, nor did he give permission or consent for My Credit Care to call him for marketing

---

[1]    Pl.'s Mot. for Default J (the "Motion") [ECF No. 21].

[2]    Specifically, the Court considered the documents of record in this action, including the following:  (1) Compl. (the "Complaint") [ECF No. 1] (including all attachments); (2) Req. for Clerk to Enter Default (the "Request for Default") [ECF No. 12]; (3) Default by Clerk (the "Entry of Default") [ECF No. 15]; (4) Motion (including all attachments); and (5) Decl. of Jacob Kaplan in Support of Motion [ECF No. 18].

[3]    *See generally* Complaint.

[4]    *See generally id.*

[5]    *Id.* at ¶ 17.

[6]    *Id.* at ¶ 18.

[7]    *Id.* at ¶¶ 19 & 20.

or solicitation purposes.[8]  Kaplan "received more than two telephone solicitations from [My Credit Care] within a 12-month period."[9]

Kaplan asserts his claims in this action on behalf of himself and on behalf of all others similarly situated.[10]  Kaplan defines the purported Class as follows:

> All persons within the United States, to whom Defendant and/or a third party acting on Defendant's behalf, made two more telephone solicitations that promoted Defendant's products or services, to a cellular telephone number within any twelve-month period, while the recipient's telephone number was registered on the National Do Not Call Registry for at least 31 days, within the four (4) years prior to the filing of the Complaint.[11]

Kaplan raises the following two claims for relief:  (1) negligent violations of the TCPA;[12] and (2) knowing and/or willful violations of the TCPA.[13]

Kaplan first moved for default judgment in February 2024.[14]  However, the Court denied the motion without prejudice because Kaplan did not specify the amount of statutory damages that he seeks.[15]  Kaplan filed the instant Motion in September 2024,[16] through which he requests $500 in statutory

---

[8]     *Id.* at ¶¶ 24 & 27.

[9]     *Id.* at ¶ 22.

[10]    *Id.* at ¶ 36.

[11]    *Id.* at ¶ 37.

[12]    *Id.* at ¶¶ 48-51.

[13]    *Id.* at ¶¶ 52-55.

[14]    *See* Pl.'s Mot. for Default J [ECF No. 17].

[15]    *See* Order Denying Pl.'s Mot. for Default J [ECF No. 20].

[16]    *See* Motion.

damages for each of the phone calls that he received—for a total of $1,000—as well as $596.74 in costs.[17]

## II. LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

The Court's Local Rules require an applicant for default judgment also to file a declaration that conforms to the requirements of Rule 55(b) of the Federal Rules of Civil Procedure and that includes the following information:

(a) When and against which party the default was entered;

(b) The identification of the pleading to which default was entered;

(c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative;

(d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and

(e) That notice of the application has been served on the defaulting party, if required by F[ed.] R. Civ. P. 55(b)(2).

L.R. 55-1.

---

[17] *See id.* at 6:12–15.

1    If the applicant meets the procedural requirements, then "[g]ranting or
2    denying a motion for default judgment is a matter within the court's discretion."
3    *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 919 (C.D.
4    Cal. 2010) (internal quotation omitted).  In exercising its discretion, a court may
5    consider the following factors:

6    (1) the possibility of prejudice to the plaintiff, (2) the merits of
7    plaintiff's substantive claim, (3) the sufficiency of the complaint,
8    (4) the sum of money at stake in the action; (5) the possibility of a
9    dispute concerning material facts; (6) whether the default was due to
10   excusable neglect, and (7) the strong policy underlying the Federal
11   Rules of Civil Procedure favoring decisions on the merits.

12   *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (the "*Eitel* Factors").

13   "Once a party's default has been entered, the factual allegations of the
14   complaint, except those concerning damages, are deemed to have been admitted
15   by the non-responding party." *Landstar*, 725 F. Supp. 2d at 920.  "The court,
16   however, must still consider whether the unchallenged facts constitute a
17   legitimate cause of action, since a party in default does not admit mere
18   conclusions of law." *Id.* (internal quotation omitted).  "If the court determines
19   that the allegations in the complaint are sufficient to establish liability, it must
20   then determine the amount and character of the relief that should be awarded."
21   *Id.* (internal quotation omitted).

22   "Plaintiffs are required to prove all damages sought in the complaint, and
23   such damages 'shall not be different in kind from, or exceed in amount, what is
24   demanded in the pleadings.'" *Espresso Republic, LLC v. Coffee*, 2016 WL
25   7176564, at *2 (C.D. Cal. Dec. 7, 2016) (quoting Fed. R. Civ. P. 54(c)).
26   "'Plaintiff's burden in "proving up" damages is relatively lenient,'" but
27   "sufficient facts, necessary to determine damages, must be provided to the
28   court." *Id.* (quoting *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219

-5-

F.R.D. 494, 498 (C.D. Cal. 2003)).  "If the amount claimed in a judgment by default is unliquidated, the applicant may submit evidence of the amount of damages by declarations."  L.R. 55-2.  "Notice must be given to the defaulting party of the amount requested."  *Id.*

## III.  ANALYSIS

### A.  Procedural Requirements

Kaplan satisfied the procedural requirements for the entry of default judgment.  Pursuant to Rule 55, Kaplan did not move for entry of default judgment until after default was entered against My Credit Care by the Clerk.[18]  Additionally, Kaplan provided all of the information required by the Local Rules of this Court.[19]

### B.  The *Eitel* Factors

In this case, the *Eitel* factors collectively weigh in favor of awarding default judgment.

#### 1.  Possibility of Prejudice to Plaintiff

The first *Eitel* factor considers whether the plaintiff will be prejudiced if default is not entered.  If the Motion is not granted, then, in view of My Credit Care's failure to respond to the Motion or to appear for any of the hearings so far, Kaplan "will likely be without other recourse for recovery."  *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  This factor therefore weighs in favor of granting the Motion.

#### 2.  Merits of Plaintiff's Claim and Sufficiency of Complaint

The second and third *Eitel* factors assess the merits of the plaintiff's substantive claim and the sufficiency of the complaint.  Those factors require the

---

[18]    *Compare* Entry of Default (November 3, 2023) *with* Motion (September 13, 2024).

[19]    *See* Request for Default.

1  plaintiff to state a claim upon which it may recover.  *See, e.g.*, *Danning v. Lavine*,

2  572 F.2d 1386, 1388 (9th Cir. 1978).

3      The elements of a TCPA claim are:  "(1) the defendant called a cellular

4  telephone number; (2) using an automatic telephone dialing system; (3) without

5  the recipient's prior express consent."  *Meyer v. Portfolio Recovery Assocs., LLC*,

6  707 F.3d 1036, 1043 (9th Cir. 2012).  The TCPA also prohibits "solicitation to

7  'any subscriber included'" in the "national do-not-call registry and database."

8  *Chennette v. Porch.com, Inc.*, 50 F.4th 1217, 1223 (9th Cir. 2022).  Here, Kaplan

9  has plausibly alleged that he received several unsolicited telephone calls from

10  My Credit Care's representatives and that Kaplan's personal telephone number

11  was listed in the national do-not-call registry.  Those allegations are sufficient to

12  establish a TCPA violation.  *See Collins v. Enver Solar Inc.*, 2021 WL 4551174, at

13  *3 (C.D. Cal. May 26, 2021).  Accordingly, the second and third *Eitel* factors

14  favor Kaplan.

15      **3.    Sum of Money at Stake in the Action**

16      With respect to the fourth *Eitel* factor, "[d]efault judgment is disfavored

17  where the sum of money at stake is too large or unreasonable in relation to

18  defendant's conduct."  *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D.

19  Cal. 2014).

20      Here, Kaplan seeks $1000 in statutory damages, plus $596.74 in costs, for

21  a total of $1,596.74.  That relatively small award is plainly contemplated by the

22  TCPA; as such, it is reasonable for purposes of the *Eitel* inquiry.  Thus, the

23  fourth *Eitel* factor weighs in favor of default judgment.

24      **4.    Possibility of a Dispute Concerning Material Facts**

25      The fifth *Eitel* factor "considers the possibility that material facts are

26  disputed."  *Vogel*, 992 F. Supp. 2d at 1012.  Upon the entry of default, all well-

27  pleaded factual allegations are deemed true—except those pertaining to

28  damages.  *See TeleVideo Systems Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir.

1987); *Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."). Because My Credit Care failed to appear at any hearing and failed to defend this action, it is unlikely that disputes regarding material facts will arise. *See id.* Accordingly, this factor favors default judgment.

### 5. Whether the Default Was Due to Excusable Neglect

The sixth factor addresses whether default was due to excusable neglect. Here, Kaplan properly executed service upon My Credit Care, and My Credit Care failed to appear, such that this factor favors default judgment. *See, e.g.*, *Globe Ent. & Media, Corp. v. Glob. Images USA*, 2022 WL 2703845 (C.D. Cal. July 11, 2022), *Tesoro Ref. & Mktg. Co. LLC v. Petroleum One, Inc.*, 2014 WL 814018 (C.D. Cal. Mar. 3, 2014).

### 6. Strong Policy Favoring Decisions on the Merits

Finally, although "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, default judgment may be entered where a defendant fails to appear. *See, e.g.*, *PepsiCo*, 238 F. Supp. 2d at 1177. This factor does not preclude the entry of default judgment.

In sum, six of the seven the *Eitel* factors weigh in favor of default judgment and the last is neutral. Because the majority of the factors weigh in favor of default judgment, Kaplan's Motion is **GRANTED**.

## IV. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Kaplan's instant Motion for default judgment is **GRANTED**.

2.    Judgment will issue accordingly.

**IT IS SO ORDERED.**

Dated:    February 3, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE